| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF NEW YORK | Docket No. 17-cv-055 |
| ALI MOSHIR,<br>        *Petitioner*,<br>v.<br>CHARLES F. SALINA, United States Marshal<br>For the Western District of New York,<br>        *Respondent.* | MOTION FOR STAY OF EXTRADITION PENDING APPEAL OF THE DENIAL OF THE PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 |

On October 30, 2017, this Court denied Ali Moshir a petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 (Docket Item 18). He timely filed his notice of appeal (Docket Item 20). Mr. Moshir now respectfully requests that this Court enter an order staying extradition pending his appeal of this Court's decision and order of October 30, 2017, on the grounds that his appeal raises a serious and difficult question of law, that he will suffer irreparable harm if a stay pending appeal is not granted, that they stay would not harm, in any meaningful way, any other party, and that the public interest supports granting a stay.

## BACKGROUND

On June 30, 2016, Mr. Moshir appeared before United States Magistrate Judge Michael J. Roemer pursuant to a complaint for arrest in accordance

with18 U.S.C. § 3184 and the Extradition Treaty between the United States and Canada. *See* Complaint for Arrest with a View Toward Extradition, In re. Moshir, No. 16-mj-5084-MJR (W.D.N.Y. June 29, 2016) (Docket Item 1). The Federal Public Defender's Office was appointed to represent Mr. Moshir in these proceedings. Proceedings held before the Honorable Michael J. Roemer, In re. Moshir, No. 16-mj-5084-MJR, at 5-6 (W.D.N.Y. June 30, 2016) (Docket Item 14). An extradition hearing was convened on November 7, 2016, at the conclusion of which the Extradition Magistrate found that Mr. Moshir was extraditable and that he would issue a certificate of extradition. Proceedings held before the Honorable Michael J. Roemer, In re. Moshir, No. 16-mj-5084-MJR, at 23-27 (W.D.N.Y. Nov. 7, 2016) (Docket Item 16).

In response to the Magistrates determination, Mr. Moshir petitioned this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 (Docket Item 1). The issue raised in the § 2241 petition was whether Mr. Moshir was denied his due process right to a fair extradition hearing when the Extradition Magistrate denied counsel's request for a stay of proceedings pending a competency evaluation. The basis for Mr. Moshir's claim was, that once counsel was appointed to represent him at the competency hearing, he had a due process right to effectively communicate with counsel (*see* Docket Item 3, at 9-17 (memorandum of law)). On October 30, 2017, this Court denied Mr.

Moshir's § 2241 petition, concluding "that the grounds raised in Petitioner's § 2241 application are meritless" (Docket Item 18).[1]

Mr. Moshir timely filed his notice of appeal (Docket Item 20).[2] In accordance with FED.R.APP.P. 8(a)(1), he now moves this Court for a stay pending appeal.

### THE COURT CAN STAY ENFORCEMENT OF THE JUDGMENT PENDING APPEAL

The Supreme Court has recognized that, "'as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of appeal.'" *Nken v. Holder*, 556 U.S. 418, (2009) (quoting *Scripps-Howard Radio, Inc. v. FCC*, 316 U.S. 4, 9 (1942)). The Supreme Court went on to explain that, "[a] stay does not make time stand still, but does hold a ruling in abeyance to allow an appellate court the time necessary to review it." *Id.* A stay can be granted even after a District Court has determined that a party is extraditable. *See, e.g., Beukes v. Pizzi*, 888 F. Supp. 465, 470 (E.D.N.Y. 1995); *Spatola v. United States*, 741 F. Supp.

---

[1] The Court also denied Mr. Moshir a certificate of appealability on the ground that he "has not made a 'substantial showing of the denial of a constitutional right' pursuant to 28 U.S.C. § 2253(c)(2)" (Docket Item 18, at 4). However, the Antiterrorism and Effective Death Penalty Act's certificate of appealability requirement does not apply to a federal prisoner petitioning for a writ of habeas corpus pursuant to § 2241. *Murphy v. United States*, 199 F.3d 599, 601 n.2 (2d Cir. 1999) (per curiam)

[2]

362, 375 (E.D.N.Y. 1990); *In re. Extradition of Pazienza*, 619 F. Supp. 611, 621 (S.D.N.Y. 1985).

Accordingly, granting a stay of extradition pending appeal of the denial of a § 2241 petition is appropriate.

### THE LAW SUPPORTS GRANTING THE STAY PENDING APPEAL

In determining whether to grant a stay pending appeal, the Court is to consider the following four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 426 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). It should be noted that, there is a "substantial overlap" between these factors. *Id.* at 434. It should also be noted that, the first two factors are the most critical. *Id.* An examination of each factor, individually, supports granting Mr. Moshir's application of the stay pending appeal.

**A movant seeking a stay must demonstrate a "substantial possibility, although less than a likelihood of success."** *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) (citing *Dubose v. Pierce*, 761 F.2d 913, 920 (2d Cir.1985), *vacated on other grounds,* 487 U.S. 1229 (1988)); *see also In re.*

*Hilton*, No. 13-cv-7043-JCB, 2013 WL 3282864, at *2 (D. Mass. June 26, 2013) (recognizing that, "a party seeking a stay need not show that it's more than 50% likely to succeed on appeal; other, no district court would ever grant a stay.") (citations omitted). Instead, the movant must demonstrate that the "appeal raises serious and difficult question of law in an area where the law is somewhat unclear." *In re. Hilton*, at *2 (quoting *Canterbury Liquors & Pantry v. Sullivan*, 999 F.Supp. 144, 150 (D.Mass. 1998)).

     Mr. Moshir's appeal raises a serious and difficult question of law in an area where the law is unclear. There is no question that an individual, subject to a complaint with a view towards extradition, "is entitled to [the] due process protections of an extradition proceeding." *In re. McMullen*, 989 F.2d 603, 612 (2d Cir. 1993). These protections "includ[e] notice in the form of a 'complaint made under oath, charging him with having committed within the jurisdiction of the foreign government any of the crimes provided by such treaty,' as well as a hearing at which 'evidence of criminality may be heard and considered.'" *Id*. (quoting 18 U.S.C. § 3184). However, the panel in *McMullen* did not state whether it used of "including" as an adjective, limiting the "due process protections" to those in the list that followed, or as a transitive verb that specifies part of the group or category, but does not limit the protections to those set forth in the list that followed. Thus, a significant the question of law remains, whether an individual appointed counsel at an extradition hearing had a due process right to effectively communicate with counsel. If so, that

would impinge on whether he was competent to proceed with the extradition hearing.

Accordingly, a stay pending appeal is warranted because Mr. Moshir raises a serious and difficult question of law remains as to the due process rights an individual has in an extradition hearing.

**Mr. Moshir will suffer irreparable harm if a stay pending appeal is not granted**. The only way to assure that Mr. Moshir's claim can be reviewed by the Court of Appeals is for the entry of a stay of extradition pending appeal. Without a stay, and given the long period of time in which the parties will be given to perfect the appeal, Mr. Moshir could be extradited during the briefing schedule and his significant legal challenges would then likely be dismissed as moot, since his extradition would have already occurred.

*Lindstrom v. Graber*, 203 F.3d 470 (7th Cir. 2000), demonstrates how a petitioner can be irreparably harmed if the petitioner is extradited before a § 2241 petition is reviewed on appeal. Despite the fact that a stay was granted, the petitioner in *Lindstrom*, was extradited to Norway before the Seventh Circuit could review his petition. 203 F.3d at 473-474. The Seventh Circuit panel held that the petitioner's appeal was moot, concluding that, since the petitioner has been sent back, "he has nothing to gain from further prosecution

6

of the appeal." *Id.* at 474. In reaching this conclusion, the panel noted that the Court lacked jurisdiction to order Norway to return the petitioner. *Id.*

In another case, a District Court determined the petitioner would be irreparably harmed if the stay was denied, concluding that even if the petitioner prevailed on appeal, "it would be a Pyrrhic victory." *Noriega v. Pastrana*, No. 07-cv-22816, 2008 WL 331394, at * 3 (S.D. Fl. Jan. 31, 2008), Likewise, a Kansas District Court recognized, after finding no merit to the petitioner's claim, that the petitioner would be irreparably harmed if the petitioner was extradited before appellate review and the appellate court subsequently ruled in his favor. *Swierzbinski v. Holder*, No. 10-cv-3059, 2010 WL 4291966, at *1 (D. Kan. Oct. 26, 2010), As the Court concluded, the "petitioner would be unable to avail himself of relief, and thus, would be irreparably harmed. *Id.*

Thus, if Mr. Moshir were extradited to Canada before the Court of Appeals can consider his petition, his claim of error would be rendered moot. Alternatively, if the court were to address the merits his claim in his favor, he would not be able to avail himself of the requested relief.

Accordingly, Mr. Moshir can suffer irreparable harm if the stay pending appeal is not granted and he is extradited before his appeal is reviewed.

7

**The issuance of a stay pending appeal would not harm any other party**. If Mr. Moshir does not obtain relief on appeal, he simply would be extradited at a later date. *Swierzbinski*, 2010 WL 4291966, at *1. A short delay as an appeal is pending should not, in any meaningful way, harm or otherwise adversely affect Canada's prosecution of Mr. Moshir. *See Noriega*, 2008 WL 331394, at *3.

**The public interest supports granting Mr. Moshir a stay of extradition pending appeal**. While the government has an interest in timely complying with Canada's extradition request, that is not the only public interest at issue. It is also in the public interest that Mr. Moshir be given a full and fair opportunity to litigate his claim that he was denied his due process rights at the extradition hearing. *See Noriega*, 2008 WL 331394, at *3.  As the Court in *Noriega* concluded, "the public interest is better promoted by a full, meaningful determination of [petitioner's] rights. It is also in the public interest to establish the appropriate legal principles to be applied in the future if a similar case arises." *Id.*

### CONCLUSION

Mr. Moshir's appeal of the denial of his § 2241 petition raises a serious and difficult question of law, whether an individual appointed counsel at an extradition hearing had a due process right to effectively communicate with counsel. He will suffer irreparable harm if a stay pending appeal is not granted

8

and he is extradited before the appeal is heard. The appeal will either be deemed moot or, if the Circuit rules in his favor, he will not be able to benefit from the Court's decision. A stay would not harm, in any meaningful way, any other party. If the appellate court rules against Mr. Moshir, it would only delay extradition for a few more months. And finally, the public interest supports granting a stay in that his case can establish the appropriate legal principles to be applied in the future if a similar case arises

Accordingly, the Court should grant Mr. Moshir a stay extradition pending the appeal of this Court's Decision and Order of October 30, 2017.

Rochester, New York
November 22, 2017

                                              /s/Jay Ovsiovitch
                                      JAY S. OVSIOVITCH
                                      Assistant Federal Public Defender
                                      Federal Public Defender's Office
                                      28 East Main Street, Suite 400
                                      Rochester, New York, 14614
                                      585-263-6201
                                      jay_ovsiovitch@fd.org
                                      Attorney for Ali Moshir

TO:   Marie P. Grisanti, AUSA