UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALI MOSHIR,

                                       Petitioner,                                   17-CV-55-FPG

       v.                                                                        DECISION AND ORDER

CHARLES F. SALINA, United States Marshal for the Western District of New York,

                                       Respondent.
_____

## **INTRODUCTION**

Petitioner Ali Moshir moved to stay his extradition to Canada pending determination of his appeal from this Court's denial of his Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 23. The Petition challenged an Order of United States Magistrate Judge Michael J. Roemer on January 29, 2017, which certified Petitioner's extraditability to Canada pursuant to 28 U.S.C. § 3184 and committed him the United States Marshal's custody. The Petition challenged Magistrate Judge Roemer's Order on the ground that Petitioner's due process rights were violated when the Magistrate Judge denied counsel's request to stay the extradition proceedings pending a competency hearing. ECF Nos. 1, 3. The Court denied the Petition because Petitioner was not entitled to a competency hearing in the extradition proceedings, ECF No. 18 at 3 (citing *Charlton v. Kelly*, 229 U.S. 447, 462 (1913)), and "the limited scope of a habeas court's review does not authorize the Court to scrutinize Judge Roemer's denial of Petitioner's request for a stay of extradition proceedings pending a competency evaluation." *Id.* at 3-4. For the following reasons, Petitioner's Motion to Stay (ECF No. 23) is denied.

1

## PROCEDURAL HISTORY

On June 29, 2016, the Government filed a complaint seeking Petitioner's extradition to Canada to face numerous criminal charges, including criminal harassment and arson, and Petitioner was arrested in this District. On September 27, 2016, the Government filed a copy of Canada's request for extradition pursuant to the Treaty of Extradition Between the United States and Canada. *See* 27 U.S.T. 983. At a proceeding held on September 30, 2016, Petitioner's counsel noted that she was concerned with Petitioner's mental competency and on October 12, 2016, counsel moved to stay extradition proceedings pending a competency evaluation. On November 7, 2016, Magistrate Judge Roemer denied Petitioner's motion to stay the extradition proceedings and held an extradition hearing pursuant to 18 U.S.C. § 3184. *In the Matter of the Extradition of Ali Moshir to Canada*, ECF No. 11, Minute Entry, Nov. 7, 2016. On January 19, 2017, Magistrate Judge Roemer issued a Certificate and Committal for Extradition, certifying that Petitioner was extraditable to Canada and committing him to the United States Marshal's custody pending the decision of the Secretary of State of the United States regarding extradition and surrender. *Id.*, ECF No. 17.

On January 20, 2017, Petitioner filed a Petition for a writ of habeas corpus on the ground that his due process rights were violated when Magistrate Judge Roemer denied Petitioner's request to stay the extradition proceedings pending an examination of Petitioner's mental competency. This Court denied the Petition, and Petitioner filed a notice of appeal and the instant Motion to Stay. ECF Nos. 18, 20, 23. The Government opposes Petitioner's Motion. ECF No. 25.

## DISCUSSION

Petitioner's Motion to Stay contends that his appeal "raises a serious and difficult question of law, that he will suffer irreparable harm if a stay pending appeal is not granted, that the[] stay

2

would not harm, in any meaningful way, any other party, and that the public interest supports granting a stay." ECF No. 23 at 1. The Government argues that Petitioner cannot show a likelihood of success on the merits of his appeal, because there is no authority supporting a right to a competency examination in an extradition proceeding. The Government also contends that the "serious and difficult question of law" standard set forth in Petitioner's Motion to Stay dilutes the likelihood of success standard. ECF No. 25 at 5-6.

**I.      Stay Factors**

A court has the power to stay enforcement of a judgment pending appeal "as part of [its] traditional equipment for the administration of justice." *Nken v. Holder*, 556 U.S. 418, 427 (2009). "A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Id.* at 427 (citations omitted). The parties agree on the four factors the Court must consider before granting a stay on appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). There is a "substantial overlap" between these factors and the factors governing whether to grant a preliminary injunction. *Id.* The first two factors "are the most critical," and "[i]t is not enough that the chance of success on the merits be better than negligible." *Id.* (citation omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of th[e] [Court's] discretion" to grant a stay. *Id.* at 433-34 (citations omitted).

3

**II.     Analysis**

Even assuming that extradition pending appeal of the Court's denial of habeas corpus relief would constitute irreparable harm, a stay of extradition pending appeal is unwarranted because Petitioner has not demonstrated a likelihood of success on the merits of his appeal. *See Quintanilla v. U.S.*, 582 F. App'x 412, 414 (5th Cir. 2014) (unpublished decision); *see also Demjanjuk v. Meese*, 784 F.2d 1114, 1118 (D.C. Cir. 1986) (finding that while "imminent extradition of petitioner . . . may qualify as a threat of irreparable harm," the motion for a stay of execution of extradition was nevertheless unjustified because petitioner failed to show a likelihood of success on the merits.).

Petitioner must "ma[k]e a strong showing that he is likely to succeed on the merits" of the appeal. *Nken*, 556 U.S. at 434. Petitioner contends that he must demonstrate only that his "appeal raises serious and difficult questions of law in an area where the law is somewhat unclear." ECF No. 23 at 5 (quoting *In re Hilton*, No. 13-cv-7043-JCB, 2013 WL 3282864, at *2 (D. Mass. June 26, 2013)). The Government contends that this "serious questions" standard dilutes the "likelihood of success" requirement and ignores the fact that Petitioner cannot show that he is likely to prevail on appeal. ECF No. 25 at 5-6; *see Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Funds Ltd.*, 598 F.3d 30, 37 n.7 (2d Cir. 2010) ("Because a 'serious questions' showing necessarily requires more than the chances of success are only 'better than negligible,' this circuit's 'serious questions' standard does not conflict with the Supreme Court's decision in *Nken*.") Even under the "serious questions" standard Petitioner favors, the Court finds that Petitioner has not shown that he is likely to succeed on the merits on appeal. *See Nken*, 556 U.S. at 434.

In denying the habeas corpus Petition, the Court noted that its review of Magistrate Judge Roemer's Certification of Extraditability was limited and that it could "review only whether the

magistrate had jurisdiction, whether the offenses charged are within the treaty and, by somewhat liberal extension, whether there was any competent evidence warranting the finding that there was a reasonable ground to believe the accused guilty." ECF No. 18 at 2. The Court found that Petitioner's argument that due process required a competency hearing before the extradition hearing was "meritless" and denied the Petition. *Id.* at 5.

Petitioner does not challenge whether the Magistrate Judge had jurisdiction, the offenses charged are within the treaty, or there was competent evidence to warrant a finding that there was reasonable grounds to believe Petitioner was guilty. He argues only that he was entitled to a competency hearing during the extradition proceedings and was denied due process when Magistrate Roemer denied such an examination. As the Court pointed out in its Order denying the Petition, Petitioner failed to cite any authority supporting his proposition that "a fugitive's due process rights at an extradition include the right to a finding concerning his mental competency." ECF No. 18 at 3. Accordingly, the Court finds that Petitioner has not demonstrated that he is likely to succeed on the merits of his appeal.

The final two factors—harm to the opposing party and weighing the public interest—merge when the Government is the opposing party. *Nken*, 556 U.S. at 435. "The public interest will be served by the United States complying with a valid extradition application from [Canada] under the treaty. Such proper compliance promotes relations between the two countries, and enhances efforts to establish an international rule of law and order." *Artukovic v. Rison*, 784 F.2d 1354, 1356 (9th Cir. 1986). Petitioner acknowledges that honoring Canada's extradition request is in the public interest, but that it is not the only public interest at issue. He claims that it is in the public interest that he be given a "full and fair opportunity to litigate his claim that he was denied due process at the extradition hearing." ECF No. 23 at 8 (citing *Noriega v. Pastrana*, No. 07-cv-22816,

2008 WL 331394, at *3 (S.D. Fla. Jan. 31, 2008)). As noted, however, habeas corpus review of the Certification of Extraditability is severely limited. Petitioner had a fair opportunity to challenge his extradition before the Magistrate Judge and the Court denied his writ of habeas corpus Petition under the limited review allowed. Petitioner's claimed public interest does not outweigh the Government's interest in honoring its treaty with Canada, especially when Petitioner's appeal is unlikely to succeed on the merits.

## **CONCLUSION**

Petitioner's Motion to Stay Extradition Pending Appeal (ECF No. 23) is DENIED.

IT IS SO ORDERED.

Dated: April 25, 2018
       Rochester, New York

                                                _____
                                                HON. FRANK P. GERACI, JR.
                                                Chief Judge
                                                United States District Court